[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12690
Non-Argument Calendar

_____

D. C. Docket No. 06-00345-CV-4-WS-WCS

STEPHANIE M. BUSH,

Plaintiff-Appellant,

versus

REGIS CORPORATION,
d.b.a. Cost Cutters,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 3, 2007)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se appellant Stephanie Bush appeals the district court's order granting

summary judgment in favor of Regis Corporation in her religious discrimination and retaliation civil action. After a thorough review of the record, we affirm.

Bush and her family were Jehovah's Witnesses who attended religious services on Thursday evenings and Sundays. Their faith also required that they perform field service, which they preferred to do as a family on Sunday afternoons. For several years, Bush was employed at a hair salon, where she was able to work only the day shift in order to spend evenings with her daughter. And she did not work any Sunday shifts. In 2003, Regis purchased the hair salon in which Bush worked and started to require employees to work some evenings and every other Sunday. Bush was not required to work Thursday evenings. Bush also requested a religious accommodation to excuse her from the Sunday shift; Regis permitted Bush to begin her shift after her religious service ended. Bush worked this schedule for several months until her church changed the time of its service. At that point, Regis excused Bush from the Sunday shift altogether. In addition, Regis permitted Bush time off to attend religious conferences and allowed her to swap shifts to fit her religious activities.

In March 2005, Bush left work before the end of her shift without permission and received a written warning. In May, she filed a discrimination charge alleging religious discrimination. Later that month, as the result of a

2

complaint from another employee, Regis altered the weekend shift schedule to require employees like Bush who did not work on Sunday to work the Saturday night shift. Bush was not the only employee affected by this policy. In June 2005, Bush received another written warning after she engaged in a confrontation with a customer. Bush filed a second discrimination charge alleging retaliation and requested a transfer to another store. She then turned in her keys while awaiting the transfer, which ultimately fell through because there were no positions available at other salons for the shifts Bush was willing to work. Regis offered Bush her former position, but she declined. This civil action followed.

The district court granted summary judgment on the religious discrimination claim, assuming that Bush satisfied a prima facie showing of discrimination, but finding that Regis had offered a reasonable accommodation. The court granted summary judgment on the retaliation claim because Bush did not suffer an adverse action, but it also found that even if she did, Regis had legitimate non-discriminatory reasons for its actions. Bush now appeals.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to Bush. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).

A. Discrimination

3

Title VII prohibits an employer from discriminating against an employee on the basis of, inter alia, religion. 42 U.S.C. § 2000e-2(a)(1); see also Fla. Stat. Ann. § 760.10(1)(a) (addressing religious discrimination under the FCRA). Title VII defines the term "religion" to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). "The employer violates the statute unless it 'demonstrates that [it] is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business.'" Beadle v. City of Tampa, 42 F.3d 633, 636 (11th Cir. 1995) (citing Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68, 107 S.Ct. 367, 372, 93 L.Ed.2d 305 (1986) and 42 U.S.C. § 2000e(j)).

Assuming, as the district court did, that Bush established a prima facie case of discrimination based on a failure to accommodate religious beliefs, we conclude that summary judgment was proper because Regis offered a reasonable accommodation.

The phrase "reasonable accommodation" is not defined and turns on the facts and circumstances of the case. Beadle v. City of Tampa, 42 F.3d at 636 (citations omitted). The Supreme Court has stated that compliance with Title VII does not require an employer to give an employee a choice among several accommodations; nor is the employer required to demonstrate that alternative

4

accommodations proposed by the employee constitute undue hardship. <u>Ansonia Bd. of Educ.</u>, 479 U.S. at 68.

Here, Regis offered Bush a reasonable accommodation. When it required her to cover shifts every other Sunday, it started the shift after her religious services had concluded. And as soon as the services changed times, Regis gave Bush Sundays off to accommodate the services. In addition, Regis permitted Bush to swap shifts to allow her to attend religious conventions. <u>See</u> <u>Beadle v. Hillsborough County Sheriff's Dep't</u>, 29 F.3d at 593 (approving of the use of shift swaps to accommodate an employee).

Bush argues that the Sunday shift prevented her from doing field service with her family, which constituted a bona fide religious belief. The record, however, indicates that field service was not required to be performed on Sundays; rather, that was the day Bush and her family *wished* to perform field service. An employee has a duty to make a good faith attempt to accommodate her religious needs through means offered by the employer. <u>Beadle</u>, 29 F.3d at 593. In this case, it does not appear that Bush made any such effort. Accordingly, the district court did not err in granting summary judgment on this claim.

2. Retaliation

Title VII prohibits retaliation by an employer against an applicant because

the applicant has opposed an unlawful employment practice or made a charge of discrimination. 42 U.S.C. § 2000e-3(a). A plaintiff may establish her case using the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). See EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002). Under this framework, the plaintiff can establish a prima facie case by showing that (1) she engaged in statutorily protected expression, (2) she suffered an adverse employment action,[1] and (3) there was some causal relation between the two events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001).

To establish the second prong, the employee must show that "a reasonable employee would have found the challenged action materially adverse." Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2415. In other words, the materially adverse employment action must discourage a reasonable employee from making or supporting a charge of discrimination. Id.

Upon review, we conclude that the district court properly granted summary judgment on this claim because Bush failed to establish that she suffered an adverse action. None of the instances Bush identified rise to the level of an

---

[1] In Burlington N. & Santa Fe Ry. Co. v. White, --- U.S. ----, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), the Supreme Court identified this second prong as "a materially adverse employment action."

6

adverse action because none would have discouraged a reasonable employee from making the discrimination charge. In fact, according to the evidence presented, none of these instances deterred Bush from filing her complaint.

Even if Bush established a prima facie case, Regis proffered legitimate nondiscriminatory reasons, which Bush has not argued are a pretext for discrimination. Accordingly, summary judgment was proper and we AFFIRM.